# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 12-00283-15/16-CR-W-BCW |
| Husam Elmasri, | ) | |
| Jeffrey Hines, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the MOTION TO DISMISS COUNT II OF THE INDICTMENT FOR DEFECTIVE STATEMENT OF CONSPIRACY (Doc. 187) filed on June 26, 2013, by defendant Husam Elmasri ("Elmasri"). Elmasri also seeks a severance [Doc. 178] and/or a separate jury to hear his case [Doc. 189]. Additionally, codefendant Jeffrey Hines ("Hines") also seeks a severance [Doc. 184] asserting essentially the same arguments as Elmasri. The Court recommends denial of all four motions.[1]

The subject Superseding Indictment sets out 19 counts generally alleging that 17 individuals (including Elmasri and Hines) conspired to traffic drugs and/or launder the proceeds from the sale of the drugs [Doc. 157]. Elmasri is charged under Counts Eleven, Sixteen, Seventeen, Eighteen, and Nineteen of the Superseding Indictment. Hines is charged in Counts Eleven, Twelve, Seventeen and Eighteen. Elmasri's motion to dismiss is directed to Count Eleven. Count Eleven charges Elmasri and other defendants (as well as some unindicted

---

[1] As the District Court is aware, the motions to sever and for a separate jury, being non-dispositive, are typically not the subject of a Report and Recommendation. However, in this particular case, the motions are so closely related to Elmasri's motion to dismiss Count 11 that consideration together will provide the most effective review.

individuals) with conspiracy to violate 18 U.S.C. §§ 1956(a)(1), 1957. The former statute makes it an offense to conduct and attempt to conduct financial transactions which in fact involve the proceeds of specified unlawful activity (*e.g.*, conspiracy to distribute controlled substances) knowing that the property involved in the financial transactions represents the proceeds of some form of unlawful activity and knowing that the transactions are designed in whole or in part:

    (i)    to conceal and disguise the nature, the location, the source, the ownership and control of the proceeds of specified unlawful activity; and

    (ii)    to avoid a transaction reporting requirement under State or Federal law.

18 U.S.C. § 1956(a)(1). The second charged statute, somewhat similarly, makes it a crime to knowingly engage, attempt to engage, and cause each other and others to engage, in monetary transactions involving criminally derived property of a value greater than $10,000 and which is derived from specified unlawful activity (*e.g.*, conspiracy to distribute controlled substances). 18 U.S.C. § 1957. With regard to this alleged money laundering conspiracy, the Superseding Indictment identifies eight purported overt acts. However, only four involve Elmasri, to wit:

    (1)    On or about August 14, 2009, Elmasri sold a 2007 Mercedes Benz for $15,000 to an unindicted individual, and titled the vehicle in the name of "Mr. Tracy Mason,"

    (2)    On or about October 14, 2009, Elmasri, Hines, and two other defendants purchased a 2005 Bentley for $19,700 and titled the vehicle in the name of "J&J Investors,"

    (3)    On or about August 10, 2010, Elmasri, Hines, and another defendant purchased a Lincoln MKZ for $9,000 in U.S. currency and titled the vehicle in the name of "Duane's Complete Auto Care,"

    (4)    On or about March 12, 2012, Elmasri and two other defendants purchased a 2007 Infiniti M25X for $24,099 and titled the car in the name of defendant Julie Borgman.

Two other overt acts involve Hines but do not involve Elmasri, to wit:

(1) On or about July 3, 2008 Hines and two other defendants used $35,000 in U.S. currency to purchase 4304 Bellefontaine, Kansas City, Missouri and titled it in an uncharged accomplice's name even though the uncharged accomplice never saw the residence.

(2) On or between January 27, 2009 and February 13, 2009, Hines and another defendant used $40,354.39 in U.S. currency to purchase 6134 Yecker Street, Kansas City, Kansas, and titled it in the name of J&J Investors.

In seeking a dismissal of Count Eleven, Elmasri asserts that the government "is attempting to tie together into one purported 'conspiracy' what were essentially separate matters."

It is well-settled that "[a]n indictment is sufficient if it: (1) contains the elements of the charged offense and fairly informs the defendant of the charge against which he must defend; and (2) enables him to plead double jeopardy as a bar to further prosecution." *United States v. Diaz–Diaz*, 135 F.3d 572, 575-76 (8th Cir. 1998). Applying this standard to Count Eleven, the Court finds that Count Eleven contains the elements of offenses under 18 U.S.C. §§ 1956(a)(1), 1857, fairly informs Elmasri of the charges against which he must defend, and enables Elmasri to plead double jeopardy as a bar in future criminal prosecutions. *Compare U.S. v. Busto-Magaran*, 2011 WL 2580112, op. at 2 (D.Minn. May 27, 2011) ("The fact that [the defendant] believes the alleged acts would have been more appropriately charged as multiple conspiracies does not mean [the defendant] has not been properly informed of the charges against him.").[2]

---

[2] The Court does not address the issue of any potential variance. A variance occurs when the evidence at trial proves facts other than those alleged in the indictment. *United States v. Morales*, 113 F.3d 116, 119 (8th Cir. 1997). Accordingly, a variance issue may arise when a single conspiracy is alleged in the indictment, but the proof at trial establishes multiple conspiracies. *United States v. Jones*, 880 F.2d 55, 66 (8th Cir. 1989). After a trial, courts determine whether multiple conspiracies existed by applying a totality-of-the-circumstances

In reaching this conclusion, the Court would note that a single overall conspiracy "can be made up of a number of separate transactions and of a number of groups involved in separate crimes or acts." *United States v. Roach*, 164 F.3d 403, 412 (8th Cir. 1996). Even in a "wheel" conspiracy such as that seemingly set out in the Superseding Indictment, it is only necessary to show "some interaction between those conspirators who form the spokes of the wheel as to at least one common illegal object." *United States v. Rosnow*, 977 F.2d 399, 405 (8th Cir. 1992) (*quoting United States v. Levine*, 546 F.2d 658, 663 (5th Cir. 1977)). As such:

> [T]o prove a single conspiracy it is not necessary to show that all the conspirators were involved in each transaction or that all the conspirators even knew each other. A single conspiracy may be found when the defendants share a common overall goal. . . . It is sufficient that the jury finds the co-conspirators were aware of the general nature and scope of the conspiracy and knowingly joined in the overall scheme.

*United States v. Pullman*, 187 F.3d 816, 821 (8th Cir. 1999) (*citations omitted*). The Court recommends denial of Elmasri's motion to dismiss Count Eleven of the Superseding Indictment.

Elmasri and Hines also seek to have the charges asserted against each of them severed from each other and the remaining defendants. Additionally Elmasri requests to have his charges considered by a separate jury. The United States Supreme Court expressed a preference in favor of joint trials of defendants who are indicted together, noting that "[j]oint trials play a vital role in the criminal justice system" and that joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534 537 (1993). To overcome this preference, a court must engage in a two-step process. First, the court must determine if joinder is proper under FED. R. CRIM. P. 8(b), and then

---

analysis and viewing the evidence in the light most favorable to the jury's verdict. *United States v. Cabbell*, 35 F.3d 1255, 1262 (8th Cir. 1994).

whether severance is proper under FED. R. CRIM. P. 14. *United States v. Payton,* 636 F.3d 1027, 1037 (8th Cir. 2011).

Under Rule 8(b), "mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder; [instead]. . . . Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982). The Eight Circuit has noted that "[t]he prerequisites for joinder are liberally construed in favor of joinder." *United States v. Riell*, 21 F.3d 281, 288 (8th Cr. 1994). Reviewing the allegations set forth in the Superseding Indictment alleging that Elmasri and Hines conspired with other defendants,[3] the Court finds that the claims asserted against Elmasri and Hines are not misjoined.

Next, the Court must determine whether severance under Rule 14 should be granted. The rule provides:

> If the joinder of offenses or defendants in an indictment . . .
> appears to prejudice a defendant . . . the court may order separate
> trials of counts, sever the defendants' trials, or provide any other
> relief that justice requires.

FED. R. CRIM. P. 14(a). A court will permit severance only upon a showing of "real prejudice to an individual defendant." *United States v. Payton,* 636 F.3d 1027 1037 (8th Cir. 2011). To that end:

> Prejudice to the defendant must be both 'real' and 'clear'. . . . To
> satisfy the real prejudice standard, a defendant may show that his
> defense is irreconcilable with the defense of his codefendant or that
> the jury will be unable to compartmentalize the evidence as it
> relates to separate defendants. . . . The defendant carries a heavy
> burden in making this showing.

---

[3] The law in the Eighth Circuit is that "[a]n indictment must reveal on its face a proper basis for joinder." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998)

*Id.* (*citations and internal quotation marks omitted*).

In essence, Elmasri and Hines each argue in their respective motions that severance in this case is required because – based on the allegations in the Superseding Indictment – each was only an active participant in one aspect (or spoke) of the wheel conspiracy and much of the evidence involving alleged overt acts do not involve either of them. However, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *United States v. Willis*, 940 F.3d 1136, 1139 (8th Cir. 1991). Likewise, the Eighth Circuit has concluded that "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *Payton*, 636 F.3d at 1037. Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). This is not that rare case.

For similar reasons, the Court also denies Elmasri's request to have his charges heard by a different jury even if the claims are not severed. Such an extraordinary procedure is unwarranted in this case.

Accordingly, it is

**RECOMMENDED** that the District Court, after making an independent review of the record and applicable law, enter an order **DENYING** Elmasri's motion to dismiss [Doc. 187] filed on June 26, 2013, as well as his motion for severance [Doc. 178] filed on June 5, 2013, and his alternative motion for a separate jury to hear his case [Doc. 189] filed on July 3, 2013. Likewise, it is further

**RECOMMENDED** that the District Court, after making an independent review of the record and applicable law, enter an order **DENYING** Hines' motion to sever [Doc. 184] filed on June 17, 2013.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer
United States Magistrate Judge**